# In the United States Court of Federal Claims

No. 16-793C

(Filed: June 2, 2021)

| | |
|---|---|
| **JOHN A. SHEA,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES,** ) <br> ) <br> Defendant. ) | Prevailing plaintiff's claim for reasonable attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); partial success |

Linda Lipsett, Bernstein & Lipsett, P.C., Washington, D.C., for plaintiff John A. Shea. With her at the hearing and on the briefs was Daniel M. Rosenthal, James & Hoffman, P.C., Washington, D.C., and on the briefs was Alice C. Hwang, James & Hoffman, P.C., Washington, D.C.

David M. Kerr, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the United States. With him on the briefs were Brian M. Boynton, Acting Assistant Attorney General, Martin F. Hockey, Jr., Acting Director, and Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington D.C., Henry Karp, Senior Trial Attorney, Naval Litigation Office, and S. Christopher Mullins, Jr., Assistant Counsel, Civilian Personnel Law, Naval Criminal Investigative Services, Quantico, Virginia.

## OPINION AND ORDER

LETTOW, Senior Judge.

John A. Shea, a federal civilian employee with the Naval Criminal Investigative Service ("NCIS"), has successfully litigated his claim for compensatory damages and back pay under the Fair Labor Standards Act ("FLSA"). *See Shea v. United States*, 143 Fed. Cl. 320, 340 (2019), *aff'd*, 976 F.3d 1292 (Fed Cir. 2020). The court found that NCIS "erred by classifying Mr. Shea as exempt from the FLSA," *id.* at 323, and awarded him $42,750.84 in back pay, *id.* at 340. The court also noted that "Mr. Shea may apply for an award of reasonable costs and reasonable fees for witnesses and attorneys under 29 U.S.C. § 216(b)." *Id.*

Pending before the court is plaintiff's motion for attorneys' fees, costs, and interest on back wages. *See* Pl.'s Am. Mot. for Atty's' Fees Costs, & Interest on Back Wages ("Pl.'s

Mot."), ECF No. 84.  While the initial request was for fees and costs incurred through March 21, 2021, plaintiff "update[d] his request to include fees and costs incurred from March 22, 2021, to April 30, 2021."  Pl.'s Reply at 3-4, ECF No. 86.  Following the completion of briefing, *see* Def.'s Resp., ECF No. 85; Pl.'s Reply; Def.'s Sur-Reply, ECF No. 90, the court held a hearing on May 18, 2021.

## BACKGROUND

Mr. Shea, an Investigations Specialist for NCIS, filed suit in this court on July 1, 2016.  *See* Compl., ECF No. 1.  Mr. Shea alleged that NCIS had willfully violated the FLSA by classifying his position as "FLSA exempt," Compl. ¶¶ 9-12, and sought declaratory relief, back pay, premium pay, liquidated damages, interest, attorneys' fees, and costs, Compl. at 5.  After the government filed its answer to the complaint, *see* ECF No. 5, the parties proceeded with discovery, *see* Order of November 14, 2016, ECF No. 8.  In September and October of 2017, the parties cross-moved for summary judgment on issues of liability, specifically addressing whether Mr. Shea fell within an administrative exemption and, if he had been erroneously classified as exempt, whether the misclassification was made "in good faith" and with a reasonable basis or with what amounted to a "willful violation."  *Shea v. United States*, 136 Fed. Cl. 95, 97-98 (2018).  The court granted summary judgment for the government on the issue of willfulness, rejecting plaintiff's claim in that regard, but denied the parties' cross-motions "as to whether Mr. Shea was erroneously classified as FLSA-exempt and whether the government acted [regarding Mr. Shea's classification] in good faith and with reasonable basis."  *Id.* at 114.  Mr. Shea proceeded to file a motion for reconsideration of the court's decision on the issue of willfulness, *see* ECF No. 25, but the court denied the motion, *see* Order of June 15, 2018, ECF No. 30.

On November 26, 2018, the government made an offer of judgment pursuant to Rule 68 of the Rules of the Court of Federal Claims ("RCFC").  *See* Def.'s Resp. Appx., ECF No. 85-1.  The government offered "to allow judgment to be entered against it in this action in the amount of $110,000, inclusive of attorney's fees and costs, and . . . [to] agree[] to change the status of Mr. Shea's position to non-exempt" under the FLSA.  *Id.* at 1.  Mr. Shea declined the offer, however, Def.'s Resp. at 2, and a two-day trial commenced on December 17, 2018, *Shea*, 143 Fed. Cl. at 328.

In May 2019, the court held that "NCIS's classification decision, though erroneous, evidenced a reasonable basis and was done in good faith."  *Shea*, 143 Fed. Cl. at 340.  The court awarded Mr. Shea $42,750.84 in back pay, *id.*, but concluded that he was not entitled to liquidated damages, *id.* at 338.  Mr. Shea appealed the denial of liquidated damages, but the Federal Circuit affirmed this court's decision.  *See Shea*, 976 F.3d 1292.  Following the unsuccessful appeal, Mr. Shea filed his motion for attorneys' fees, costs, and interest on back wages in this court.  *See* Pl.'s Mot.

## STANDARDS FOR DECISION

Section 216(b) of the Fair Labor Standards Act provides an express statutory authorization for the payment of attorneys' fees and costs in a suit brought under the Act: "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

2

reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "[W]here an employee prevails on a FLSA claim, the award of attorneys' fees under § 216(b) is mandatory." *Slugocki v. United States*, 816 F.2d 1572, 1579 (Fed. Cir. 1987) (citing *Beebe v. United States*, 226 Ct. Cl. 308 (1981)). "The amount to be allowed as attorneys' fees shall be determined by the trial [court], . . . taking into account various pertinent factors." *Beebe*, 226 Ct. Cl. at 329 (citing *Rau v. Darling's Drug Stores, Inc.*, 388 F. Supp. 877 (W.D. Pa. 1975)). "Factors to be considered in arriving at a fair award for attorney's fees are: the amount of the overtime compensation award, the nature and complexity of the issues involved, and the efforts of the [p]laintiff's counsel in obtaining the award." *Rau*, 388 F. Supp. at 887. An offer of judgment pursuant to RCFC 68 is also a relevant factor to consider. *See Hubbert v. United States*, 62 Fed. Cl. 73, 75 (2004). "Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." RCFC 68(b). Notably, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." RCFC 68(d).

"[P]laintiffs are only entitled to recover attorneys' fees to the extent of plaintiffs' success at trial." *Bull v. United States*, 68 Fed. Cl. 212, 229 (2005); *see also Hensley v. Eckhart*, 461 U.S. 424, 440 (1983) ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). "For example, '[i]f plaintiffs do not prevail on the claim for liquidated damages, they will not be entitled to recover any attorneys' fees or costs which are incurred in connection with or are attributable to the trial and resolution of that issue.'" *Bull*, 68 Fed. Cl. at 229 (alteration in original) (quoting *Beebe*, 226 Ct. Cl. at 329).

## ANALYSIS

### I. Interest on Award of Back Pay

Mr. Shea asks for $9,664.86 in interest on his award of back pay. Pl.'s Mot. at 22; *id.* Appx. B, ECF No. 84-5. The government argues that Mr. Shea is ineligible for such relief because FLSA does not include an express waiver of sovereign immunity from suits for interest payments. Def.'s Resp. at 16-17. Defendant further contends that even if Mr. Shea may recover interest under FLSA, he waived this claim by omitting it from his post-trial brief. *Id.* at 18-19.

The question of whether Mr. Shea is entitled to interest on his award of back pay is analogous to one of the issues presented in *Astor v. United States*. In that case, firearms instructors at the Federal Law Enforcement Training Center in Glynco, Georgia sued for overtime compensation under the Fair Labor Standards Act. *Astor v. United States*, 79 Fed. Cl. 303, 304 (2007). In examining whether the instructors were entitled to pre-judgment interest under the Back Pay Act, the court noted that "FLSA itself does not provide for recovery of interest within its provisions and does not waive sovereign immunity for suits against the [g]overnment for interest." *Id.* at 318 (citing *Doyle v. United States*, 931 F.2d 1546, 1550-51 (Fed. Cir. 1991)). The court concluded, however, that the government's failure to provide overtime compensation to the instructors fell "squarely within the B[ack Pay Act]'s provisions, and as such, . . . [p]laintiffs should be awarded interest on their FLSA back overtime pay award." *Id.* at 319. Even though the instructors' claim was brought pursuant to FLSA, the court held that

3

they were entitled to pre-judgment interest because all "three criteria for an award to bear interest" under the Back Pay Act were met: "(1) the employee must have been affected by an unjustified or unwarranted personnel action; (2) the employee must have suffered a withdrawal or reduction of all or part of his pay; and (3) but for the action, the employee would not have experienced the withdrawal or reduction." *Id.* (citing *Social Sec. Admin. v. FLRA*, 201 F.3d 465, 468 (D.C. Cir. 2000)).

Here, similar to the plaintiffs in *Astor*, Mr. Shea is seeking interest under the Back Pay Act on his award made pursuant to FLSA. While Mr. Shea cannot rely on FLSA itself to show that Congress waived sovereign immunity as to suits against the government for interest, *see Doyle*, 931 F.2d at 1550-51, the Back Pay Act can operate "as a congressional waiver of sovereign immunity from interest claims on awards arising under other statutes, such as . . . FLSA." *FLRA*, 201 F.3d at 468. The government's erroneous classification of Mr. Shea as "FLSA-exempt" deprived him of the overtime pay rate of one-and-one-half base pay, and thus constituted an "unjustified or unwarranted personnel action which . . . resulted in the withdrawal or reduction of all or part of [Mr. Shea's] pay." 5 U.S.C. § 5596(b)(1). But for this classification, Mr. Shea "would not have experienced the denial of overtime pay for hours worked above [his] usual forty-hour work schedule." *Astor*, 79 Fed. Cl. at 319; *see also Shea*, 143 Fed. Cl. at 323 (noting that Mr. Shea had received overtime pay "equal to 25% of his base salary, in lieu of overtime pay at the rate of one-and-one-half base pay under the Fair Labor Standards Act").

Notably, "the [c]ourt cannot award both interest and liquidated damages." Def.'s Resp. at 17; *see also Astor*, 79 Fed. Cl. at 319 (stressing that "plaintiffs are seeking interest on their back *pay* awards, not on a liquidated damages award") (emphasis in original). The court previously held that Mr. Shea was not entitled to liquidated damages. *Shea*, 143 Fed. Cl. at 338. Therefore, consistent with *Astor*, an award of interest is still available to Mr. Shea. As for the government's contention that Mr. Shea waived his claim for interest, *see* Def.'s Resp. at 18-19, Mr. Shea requested such relief at the onset of this litigation as an adjunct to his FLSA claim, *see* Compl. at 5; *Astor*, 79 Fed. Cl. at 319 (noting that the instructors "included the [Back Pay Act] in their complaint, in addition to their FLSA claim"); *see also* Hr'g Tr. 28:21 to 29:10 (May 18, 2021) (noting that plaintiff was still seeking liquidated damages when he filed his post-trial brief). Consequently, the court finds that plaintiff is entitled under the Back Pay Act to recover interest on his award of overtime pay.

In calculating the amount of interest due, Mr. Shea used the interest rates reported by the Office of Personnel Management ("OPM") for back pay. *See* Pl.'s Mot. at 26; OPM, *Fact Sheet: Interest Rates Used for Computation of Back Pay*, https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/fact-sheets/interest-rates-used-for-computation-of-back-pay/ (last visited June 1, 2021). Applying these rates to the award of $42,750.84 in back pay, the total amount of interest through March 20, 2021 is $9,664.86. *See* Pl.'s Mot. Appx. B. The interest rate provided by OPM is also applied for the period from March 21, 2021 through the date of judgment, amounting to $268.67, to account for the additional interest owed to Mr. Shea.

## II. Attorneys' Fees and Costs

### A. Whether Defendant's Offer of Judgment Precludes an Award of Fees and Costs

Mr. Shea asks for a total of $249,938.35 in fees and $16,696.68 in costs. *See* Pl.'s Mot. Appx. A at 1, ECF No. 84-4; Pl.'s Reply at 3-4.[1] The government contends that Mr. Shea's rejection of the offer of judgment made on November 26, 2018 disqualifies him from recovering any attorneys' fees or costs after that date. Def.'s Resp. at 8. By discounting the requested fees as either "redundant and unnecessary," *id.* at 6, or "attributable to the liquidated damages issue," *id.* at 7, the government estimates the value of Mr. Shea's claim to be $109,230.37, *id.* at 8. Given that this amount is less than the government's offer of judgment of $110,000, defendant argues that RCFC 68(d) precludes an award of fees and costs. *Id.* Plaintiff counters that the government's reductions are unwarranted and that the government fails to take "any potential recovery of interest or liquidated damages" into account. Pl.'s Reply at 9.

Putting aside whether the government's various discounts of plaintiff's fees and costs are reasonable, its estimated claim value of $109,230.37 ignores the possibility that Mr. Shea could recover interest on his award of back pay. As noted *supra*, plaintiffs may claim interest under the Back Pay Act on an award made pursuant to FLSA, so long as liquidated damages have not been awarded. *See FLRA*, 201 F.3d at 468; *Astor*, 79 Fed. Cl. at 319. Even if the government's assumptions regarding reductions to Mr. Shea's requested fees and costs are applied, the award of $9,664.86 in interest through March 21, 2021 increases the value of plaintiff's claim above the amount offered by the government. Therefore, Mr. Shea may "apply for an award of reasonable costs and reasonable fees for witnesses and attorneys under 29 U.S.C. § 216(b)" notwithstanding the government's offer of judgment. *Shea*, 143 Fed. Cl. at 340.

### B. Calculation of Fees and Costs

Mr. Shea represents that his request for attorneys' fees and costs reflects a voluntary reduction of $52,798.50, namely 151 hours of work associated with events such as settlement discussions and plaintiff's appeal to the Federal Circuit. *See* Pl.'s Mot. Appx. A at 2. The requested attorneys' fees, calculated using the USAO Matrix, reflect an average hourly rate of $346. Pl.'s Mot. at 8; *see also* USAO ATTORNEY'S FEES MATRIX – 2015-2021, https://www.justice.gov/usao-dc/page/file/1305941/download. The government does not challenge the use of this matrix, but instead contends that Mr. Shea's "partial or limited success" in this case warrants a further reduction in fees and costs beyond what plaintiff proposes. Def.'s Resp. at 15-16 (quoting *Hensley*, 461 U.S. at 436); Def.'s Sur-Reply at 1-2. While the government first argues that plaintiff is not entitled to any fees incurred after the government made its offer of judgment, it requests in the alternative that the court address "only the fees incurred after the judgment." *See* Def.'s Resp. at 16.

---

[1] Mr. Shea initially sought $234,836.35 in legal fees and $15,473.02 for costs incurred in this case, Pl.'s Mot. Appx. A at 1, but he amended his request to include an additional $15,102 in fees and $1,223.66 in expenses incurred from March 22, 2021, to April 30, 2021, Pl.'s Reply at 3-4.

Given that the parties appear to agree on the use of the USAO Matrix to calculate the applicable lodestar,[2] the threshold issue regarding the requested attorneys' fees is whether Mr. Shea "achieved only partial or limited success" at trial. *Hensley*, 461 U.S. at 436. "[T]he most critical factor" in determining the proper fee award "is the degree of success obtained." *Id.* Plaintiff's status as the prevailing party is not determinative of "whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id.* While Mr. Shea recovered $42,750.84 in back pay, *Shea*, 143 Fed. Cl. at 340, he had sought $73,139.41 in back pay at trial, *id.* at 323. Furthermore, plaintiff was unsuccessful in proving willfulness, *Shea*, 136 Fed. Cl. at 114, as well as entitlement to liquidated damages, *Shea*, 143 Fed. Cl. at 338.[3] Thus, "the ultimate damages award reflects lack of success and the fee award should be reduced accordingly." *Radtke*, 254 F. Supp. 3d at 174.

*Radtke v. Cashetta* informs the issue at hand. In *Radtke*, the plaintiff employees filed a motion for attorneys' fees and costs after prevailing on their claims brought pursuant to FLSA. *Radtke*, 254 F. Supp. 3d at 167. The court noted that "[d]istrict courts should consider the disparity between the amount of damages sought versus the amount of damages ultimately awarded," *id.* at 173 (citing *Combs v. City of Huntington*, 829 F.3d 388, 395 (5th Cir. 2016)), explaining that the employees' failure to prove willfulness had reduced their awards at trial, *id.* at

---

[2] The methodology used to compute the rates in the USAO Matrix "replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc.*[,] 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985)." USAO ATTORNEY'S FEES MATRIX – 2015-2021, at n.4. Both the USAO Matrix and its predecessor have been deemed acceptable starting points for calculating the applicable lodestar. *See Biery v. United States*, 818 F.3d 704, 714 (Fed. Cir. 2016) (holding that the trial court's use of the Adjusted *Laffey* Matrix was "sufficient to adequately compensate counsel"); *McCarty v. United States*, 142 Fed. Cl. 616, (2019) (concluding that "the USAO Matrix is more appropriate here, as that matrix is based on changes in prices for goods and services, including legal services in Washington, D.C.").

[3] Notably, plaintiff's request for back pay and his request for liquidated damages required different proofs. *Compare Shea*, 143 Fed. Cl. at 337 (explaining that NCIS erred by classifying Mr. Shea as exempt from FLSA), *with id.* at 338 (holding that NCIS's misclassification was done in good faith, thus precluding an award of liquidated damages). Furthermore, the issue of liquidated damages was the subject of plaintiff's appeal. *See Shea*, 976 F.3d at 1295. These different legal bases for monetary relief, however, do not constitute separate claims for the purpose of determining a fee award. The Supreme Court clarified in *Hensley* that a fee award may be reduced if the plaintiff "fail[ed] to prevail on claims that were *unrelated* to the claims on which he succeeded." *Hensley*, 461 U.S. at 434 (emphasis added). While "there is no certain method of determining when claims are 'related' or 'unrelated,'" *id.* at 437 n.12, claims that are "'distinctly different' in all respects, both factual and legal, from plaintiff's successful claims" are generally considered unrelated, *Morgan v. District of Columbia*, 824 F.2d 1049, 1066 (D.C. Cir. 1987) (quoting *Hensley*, 461 U.S. at 434). Given the interrelated nature of liability and entitlement to liquidated damages, *see* Pl.'s Mot. at 20-21, the court will treat plaintiff's failure to prove such entitlement as a "lack of success" instead of a failed separate claim, *see Radtke v. Caschetta*, 254 F. Supp. 3d 163, 173-75 (D.D.C. 2017).

174.  "[T]he greatest reduction in both plaintiffs' damages," however, arose from their inability to prove entitlement to liquidated damages.  *Id.*  Given the employees' "lack of success on two major issues that would otherwise have greatly increased their damages," *id.* at 175, the court found that "a 40% reduction on pre-appellate time billed for lack of success" was appropriate, *id.* at 184.

"There is no precise rule or formula" for reducing attorneys' fees and costs in the event of a plaintiff's partial success; the court may either "identify specific hours that should be eliminated" or "simply reduce the award to account for the limited success."  *Hensley*, 461 U.S. at 436-37.  Taking into account plaintiff's success in recovering the requested back pay along with his lack of success in proving willfulness or entitlement to liquidated damages, the court concludes that a 30 percent reduction in attorneys' fees "is reasonable in relation to the results obtained."  *Hensley*, 461 U.S. at 440; *see also Combs*, 829 F.3d at 396 ("The district court may properly compare what [plaintiff] sought with what [he] was ultimately awarded.").  Accordingly, the court awards Mr. Shea $174,956.85 in fees, 70 percent of the total requested amount.  As for costs, however, the issues of liability and entitlement to liquidated damages were intertwined.  *See Radtke*, 254 F. Supp. 3d at 175 (reducing fee award based on "lack of success" instead of time spent on unsuccessful claims).  For example, Mr. Shea correctly points out that his counsel "still would have needed to depose Shea's supervisor" regardless of whether he sought liquidated damages.  Pl.'s Mot. at 20-21.  In light of the related nature of these issues, the court awards $16,696.68 in costs, the full amount requested.

## CONCLUSION

The court GRANTS IN PART plaintiff's motion for attorneys' fees, costs, and interest on back wages.  Plaintiff is awarded $174,956.85 in fees, $16,696.68 in costs, plus $9,933.53 in interest (computed at the rate provided by OPM through the date of this decision), for a total of $201,587.06.

The court directs the Clerk to enter final judgment in accord with this disposition.

No further costs.

It is so **ORDERED**.

s/ Charles F. Lettow<br>
Charles F. Lettow<br>
Senior Judge